RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259

*Attorneys for Plaintiffs and Counter-Defendants
Stephan Jenkins, Third Eye Blind, Inc., 3EB
Touring, Inc. and Stephan Jenkins Productions, Inc.*


KENNETH M. LABBATE, ESQ. (admitted *pro hac vice*)
SANJIT SHAH, ESQ. (admitted pro hac vice)
DAVID A. NELSON, ESQ. (*admitted pro hac vice*)
MOUND, COTTON, WOLLAN & GREENGRASS

JOSEPH M. RIMAC, ESQ. (SBN 072381)
WILLIAM REILLY, ESQ. (SBN 177550)
RIMAC & MARTIN, P.C.
1051 Divisadero Street
San Francisco, California 94115
Telephone: (415) 561-8440
Facsimile: (415) 561-8430

*Attorneys for Defendants Thomas I. Mandelbaum
and Selverne, Mandelbaum & Mintz, LLP*


JAMES A. MURPHY, ESQ. (SBN 062223)
HARLAN B. WATKINS, ESQ. (SBN 176458)
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Telephone: (415) 788-1900
Facsimile: (415) 393-8087

*Attorneys for Defendant and Cross-Claimant
Hiscock & Barclay, LLP*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

STIPULATION RE: PROTECTIVE ORDER RE: CONFIDENTIALITY

-1-

| | |
|---|---|
| STEPHAN JENKINS, an individual; THIRD EYE BLIND, INC., a California corporation; 3EB TOURING, INC., a California corporation; and STEPHAN JENKINS PRODUCTIONS, INC., a California corporation,<br><br>        Plaintiffs,<br><br>   vs.<br><br>THOMAS IRVING MANDELBAUM, an individual; SELVERNE, MANDELBAUM & MINTZ, LLP, a New York limited liability partnership; HISCOCK & BARCLAY, LLP, a New York limited liability partnership; and DOES 1 through 500, inclusive,<br><br>        Defendants.<br><br>HISCOCK & BARCLAY, LLP, a New York limited liability partnership,<br><br>        Counter-Claimant,<br><br>   vs.<br><br>STEPHAN JENKINS, an individual; THIRD EYE BLIND, INC., a California corporation; 3EB TOURING, INC., a California corporation; and STEPHAN JENKINS PRODUCTIONS, INC., a California corporation,<br><br>        Counter-Defendants. | Case No.: CV-11-0211 EMC<br><br>**STIPULATION RE: PROTECTIVE ORDER RE: CONFIDENTIALITY;**<br><br>**[PROPOSED] ORDER**<br><br>(E-filing)<br><br>Hon. Judge Edward M. Chen, Presiding |

      Subject to the approval of this Court, Plaintiffs and Counter-Defendants Stephan Jenkins; Third Eye Blind, Inc.; 3EB Touring, Inc.; and Stephan Jenkins Productions, Inc. (collectively, "Plaintiffs" or "Counter-Defendants"); Defendant Thomas I. Mandelbaum ("Mandelbaum"); Defendant Selverne, Mandelbaum & Mintz, LLP (the "Selverne Firm"); and Defendant and Counter-Claimant Hiscock & Barclay, LLP (the "Hiscock Firm") (Mandelbaum, the Selverne Firm and the Hiscock Firm are collectively referred to as "Defendants"), by and through their undersigned counsel, hereby stipulate as follows:

1. **PURPOSES AND LIMITATIONS.**

    Disclosures and discovery activity in this action may involve production of sensitive financial and proprietary information, personal or private information and trade secrets of a Party, which are not public, and which financial, personal private and proprietary information and trade secrets, if disclosed, would put a Party at a competitive disadvantage in the marketplace in which the Party operates its business or which would otherwise cause irreparable harm to a Party and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted ("Confidential Information"). Accordingly, the Parties hereby stipulate to and petition this Court to enter the following "Stipulated Protective Order." The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection that this Order affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable standard set forth herein and applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS.**

    2.1     "Challenging Party":  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things as defined in Paragraph 1.

    2.3     "Counsel" (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4     "Designating Party":  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

STIPULATION RE: PROTECTIVE ORDER RE: CONFIDENTIALITY
-3-

2.5 "Disclosure or Discovery Material": all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including all such items or information produced or generated by a Non-Party pursuant to a subpoena or other legal process, or that were produced pursuant to a similar protective order in another action.

2.6 "Expert": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 "House Counsel": attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 "Non-Party": any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 "Insurer": any insurance company that has issued a policy of insurance that may provide coverage or a defense in this matter.

2.10 "Outside Counsel of Record": attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 "Outside Counsel For An Insurer": Attorneys who are not employees of a Party to this action but are retained to represent or advise an insurer to a Party to this action.

2.12 "Party": any party to this action, including his or its employee and as to any Party that is not a natural person -- all of its officers, directors, partners, members, shareholders and employees.

2.13 "Parties": all of the parties to this action, including his or its employees, and as to any Party that is not a natural person -- all of its officers, directors, partners, members, shareholders and employees.

2.14    "Producing Party": a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    "Professional Vendors": persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    "Protected Material": any Disclosure or Discovery Material that is designated as "CONFIDENTIAL." "Protected Material" may also include litigation materials, discovery or evidence that was designated "CONFIDENTIAL" in another action pursuant to a similar protective order.

2.17    "Receiving Party": a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. This Stipulated Protective Order does not govern the use of Protected Material at trial, and any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4. DURATION.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL.

5.1   *Exercise of Restraint and Care in Designating Material for Protection.*  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.  A Party shall not designate items or information "CONFIDENTIAL" merely because he or it previously designated such items or information "CONFIDENTIAL" in other litigation.  There must be an independent basis for designating items or information "CONFIDENTIAL", provided however that any depositions, documents and other discovery marked "CONFIDENTIAL" in Jenkins v. Godtland, Action No.: CGC-08-476453, San Francisco Superior Court, shall remain "CONFIDENTIAL" in this litigation if produced pursuant to this Stipulation and Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    *Manner and Timing of Designations*.  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated as provided in this Order or as otherwise stipulated or ordered.

Designation in conformity with this Order requires:

(a)    <u>Documents</u>.  For information in documentary form (*e.g.*, paper or electronic documents, but excluding  transcripts of depositions or other pretrial or trial proceedings) ("Documents"), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

In the case of Documents produced by a third party pursuant to a subpoena or other court process, such Documents shall be deemed "CONFIDENTIAL" at the time of production and for a period of fifteen (15) days following production to all Parties, during which period any Party may designate any of the Documents produced as "CONFIDENTIAL" using the same criteria set forth herein and the same procedure for objection; provided, however, that if third party Documents have already been marked "CONFIDENTIAL" pursuant to a similar protective order entered in another action, such Documents shall remain confidential in this case, absent an agreement or court order.

A Party or Non-Party that makes original Documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the Documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified Documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for

protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

   (b) <u>Testimony</u>.  For testimony given in deposition or in other pretrial or trial proceedings ("Testimony"), that the Designating Party either (a) verbally advise the court reporter on the record or (b) notify the court reporter in writing within fifteen (15) business days following the receipt of the transcript of the deposition of those pages and line numbers to be designated, in which case the portions of the transcript of the designated Testimony shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter.

   (c) <u>Other tangible items</u>.  For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  5.3 *Inadvertent Failures to Designate*.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.** **CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

  6.1 *Timing of Challenges*.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 *Meet and Confer*.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the

basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within five (5) business days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    *Judicial Intervention*. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to dedesignate the Protected Material under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a motion including the required declaration within twenty-one (21) days (or fourteen (14) days, if applicable) shall automatically waive any right to challenge the confidentiality designation for each challenged designation. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to Designating

sanctions.  If the Challenging Party has waived the right to challenge the confidentiality designation by failing to file a motion as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL.

7.1   *Basic Principles*.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the Parties and to the other categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   *Disclosure of "CONFIDENTIAL" Information or Items*.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the Parties and to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this  litigation;

(b)   the Receiving Party's insurer and any employees of the insurer or any Outside Counsel For An Insurer.

(c)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)   the court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; or

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(i) coverage counsel retained by any Party to review coverage issues pertaining to this action.

## 8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Party is served with a subpoena or a court order issued in other litigation that the Party believes compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order and an order is obtained staying production, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued that such information must be produced, unless the Party has obtained the Designating

Party's permission to produce such information.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful discovery request, order or other directive from another court.

## 9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

  1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

  2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

  3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the

Non-Party before a determination by the court that such information must be produced.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.  This Section 9 shall not apply to material which becomes Protected Material because it was designated as "CONFIDENTIAL" under a similar protective order in another action.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.   Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. **MISCELLANOUS**.

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

12.1   *Right to Further Relief*.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   *Right to Assert Other Objections*.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   *Filing Protected Material*.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may not file the information in the public record without a stipulation of the Parties.  If such a stipulation is not forthcoming then the burden shall fall on the Party desirous of filing the material to obtain relief from this stipulation and order.

**13.   FINAL DISPOSITION.**

Within sixty (60) days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must, upon the written request of the Producing Party, submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

IDELL & SEITEL LLP

Dated: May 11, 2011         By:    /s/
                                   Richard J. Idell
                                   Ory Sandel
                                   *Attorneys for Plaintiffs and Counter-Defendants*
                                   *Stephan Jenkins, Third Eye Blind, Inc., 3EB*
                                   *Touring, Inc. and Stephan Jenkins Productions, Inc.*

MOUND, COTTON, WOLLAN & GREENGRASS

Dated: May 11, 2011         By:    /s/
                                   Kenneth M. Labbate
                                   Sanjit Shah
                                   David A. Nelson

                                   Joseph M. Rimac
                                   William Reilly
                                   RIMAC & MARTIN, P.C.
                                   1051 Divisadero Street
                                   San Francisco, CA 94115

                                   *Attorneys for Defendants*
                                   *Thomas I. Mandelbaum and*
                                   *Selverne, Mandelbaum, & Mintz, LLP*

MURPHY, PEARSON, BRADLEY & FEENEY

Dated: May 11, 2011         By:    /s/
                                   James A. Murphy
                                   Harlan B. Watkins
                                   *Attorneys for Defendant and Cross-Claimant*
                                   *Hiscock & Barclay, LLC*

**ATTESTATION OF CONCURRENCE**

I, Richard J. Idell, as the ECF user and filer of this document, attest that, pursuant to General Order No. 45(X)(B), concurrence in the filing of this document has been obtained from Sanjit Shah and Harlan B. Watkins, the above signatories.

IDELL & SEITEL LLP

Dated: May 11, 2011   By:   /s/
Richard Idell
Ory Sandel
*Attorneys for Plaintiffs and Counter-Defendants Stephan Jenkins, Third Eye Blind, Inc., 3EB Touring, Inc. and Stephan Jenkins Productions, Inc.*

**[PROPOSED] ORDER**

PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.

(modified page 9)

Dated:   5/16/11



Hon. Edward M. Chen
Magistrate Judge, United States District Court
Northern District of California

IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation re: Protective Order re: Confidentiality that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Jenkins, et al. v. Mandelbaum, et al.*, Case No. CV-11-0211 EMC.  I agree to comply with and to be bound by all the terms of this Stipulation re: Protective Order re: Confidentiality.  I promise that I will not disclose in any manner any information or item that is subject to this Stipulation re: Protective Order re: Confidentiality to any person or entity except in strict compliance with the provisions of this Order.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel LLP, 465 California Street, Suite 300, San Francisco, California 94104.

On May 11, 2011, I served the following document(s):

**STIPULATION RE: PROTECTIVE ORDER RE: CONFIDENTIALITY; [PROPOSED] ORDER.**

☒ by **ELECTRONIC MAIL.** As this case is subject to the United States District Court for the Northern District of California ECF program, pursuant to General Rule 45, upon the filing of the above-entitled document(s) an automatically generated e-mail message was generated by the Court's electronic filing system and sent to the address(es) shown below and constitutes service on the receiving party.

| | |
|---|---|
| JOSEPH RIMAC<br>WILLIAM REILLY<br>**RIMAC MARTIN, P.C.**<br>1051 Divisadero Street<br>San Francisco, California 94115<br>Telephone (415) 561-8440<br>Facsimile (415) 561-8430<br>Email: Jrimac@rimacmartin.com<br>       W_reilly@rimacmartin.com<br><br>KENNETH M. LABBATE, ESQ.<br>SANJIT SHAH, ESQ.<br>DAVID A. NELSON, ESQ.<br>**MOUND COTTON WOLLAN & GREENGRASS**<br>One Battery Park Plaza<br>New York, NY 10004-1486<br>Telephone (212) 804-4200<br>Facsimile (212) 344-8066<br>Email: sshah@moundcotton.com<br>*Attorneys for Defendants Thomas I. Mandelbaum; and Selverne, Mandelbaum & Mintz, LLP* | JAMES A. MURPHY<br>HARLAN B. WATKINS<br>JOHN PAUL GIRARDE<br>**MURPHY, PEARSON, BRADLEY & FEENEY**<br>88 Kearney Street, 10th Floor<br>San Francisco, California 94108-5530<br>Telephone (415) 788-1900<br>Facsimile (415) 393-8087<br>Email: jmori@mpbf.com<br>*Attorneys for Defendant Hiscock & Barclay, LLP* |

I certify and declare under penalty of perjury that the foregoing is true and correct, that I am employed in the office of an attorney qualified to practice in this court, and that I executed this declaration at San Francisco, California.

_____
Amy Reyes

1
PROOF OF SERVICE